## IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

CIVIL RIGHTS DEFENSE FIRM, P.C.,    :   No. 63 MM 2020
FIREARMS POLICY COALITION, INC.,    :
PRINCE LAW OFFICES, P.C., TROP GUN    :
SHOP LTD., AND ROGER MULLINS,    :
                                       :
              Petitioners    :
                                         :
                                         :
           v.    :
                                         :
                                         :
GOVERNOR TOM WOLF,    :
                                         :
             Respondent    :

## <u>CONCURRING AND DISSENTING STATEMENT</u>

**JUSTICE WECHT**

I am troubled by the uncertainty that has followed the Governor's orders responding to the COVID-19 pandemic, particularly as it concerns the critical work of attorneys, whose legal expertise is necessary for the citizenry to obtain redress of harms, and whose practice is to be regulated by this Court under Article V of the Constitution of this Commonwealth. *See* PA. CONST. art. V, § 10(c). Nonetheless, I agree with the Court that the present challenge, to the extent premised upon a deprivation of the ability to practice law, has been effectively mooted by the much-needed clarification subsequently offered by the Governor. I accordingly join that portion of today's order.

I write separately because the present Application for Emergency Relief brings to the Court's attention a deprivation of a constitutional right. The Governor's Order of March 19, 2020, the "Order of the Governor of the Commonwealth of Pennsylvania Regarding

the Closure of All Businesses That Are Not Life Sustaining" (the "Order"), makes no allowance for any continued operation of licensed firearm dealers.  In light of the regulatory framework attending the sale and transfer of firearms, the inability of licensed firearm dealers to conduct any physical operations amounts to a complete prohibition upon the retail sale of firearms—an activity in which the citizens of this Commonwealth recently have been engaging on a large scale, and one guaranteed by both the United States Constitution and the Constitution of this Commonwealth.  *See* U.S. CONST. amend. II ("A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."); PA. CONST. art. I, § 21 ("The right of the citizens to bear arms in defence of themselves and the State shall not be questioned.").

Unlike the vast majority of other items, the sale and transfer of firearms sold at retail cannot be completed merely by way of telecommunication and mailing under existing law.  Under federal firearm laws, a licensed firearm dealer may transfer a firearm to a purchaser who does not appear in person at the licensed premises only when a background check is not required to transfer the firearm, and both the dealer and the purchaser reside in the same state.  18 U.S.C. § 922(c), (t); 27 C.F.R. § 478.96, 478.124; ATF Procedure 2013-2.[1]  In Pennsylvania, a licensed firearm dealer must perform a background check in conjunction with the retail sale of any firearm.  18 Pa.C.S. § 6111(a)(2).  Moreover, the Uniform Firearms Act provides that the "business" of a

---

[1]    For ease of reference, the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives has offered guidance on this question, available at https://www.atf.gov/firearms/qa/may-licensee-transfer-firearm-nonlicensed-individual-who-does-not-appear-person-licensed

licensed firearm dealer "shall be carried on only upon the premises designated in the license or at a lawful gun show or meet." *Id.* § 6113(a)(1).

The effect of this regulatory scheme is that, notwithstanding any payment, the actual transfer of a firearm from a dealer to a purchaser must be completed at the dealer's place of business. Quite simply, if firearm dealers are not able to conduct any business in-person at their licensed premises, then no transfers of firearms can be completed. This amounts to an absolute and indefinite prohibition upon the acquisition of firearms by the citizens of this Commonwealth—a result in clear tension with the Second Amendment to the United States Constitution and Article I, Section 21 of the Pennsylvania Constitution. *See generally District of Columbia v. Heller*, 554 U.S. 570 (2008) (holding that the Second Amendment guarantees an individual right to keep and bear arms for the purpose of self-defense); *McDonald v. City of* Chicago, 561 U.S. 742 (2010) (holding that Second Amendment right to keep and bear arms is fully applicable to the States under the Fourteenth Amendment); see *also Bateman v. Perdue*, 881 F.Supp.2d 709 (E.D.N.C. 2012) (applying *Heller* to hold unconstitutional a statute authorizing government officials to prohibit the sale of firearms during state of emergency); *id.* at 714 (noting that statute "effectively prohibit[s] law abiding citizens from purchasing and transporting to their homes firearms and ammunition needed for self-defense" thus "burden[ing] conduct protected by the Second Amendment").

In my view, it is incumbent upon the Governor to make some manner of allowance for our citizens to continue to exercise this constitutional right. This need not necessarily take the form of a generalized exception to the Order for any and all firearm retailers,

although such retailers have been classified as "essential" elsewhere in our Nation.[2] To the contrary, just as the Governor has permitted restaurants to offer take-out service but restricted dine-in options, the Governor may limit the patronage of firearm retailers to the completion of the portions of a transfer that must be conducted in-person. Such an accommodation may be effectuated while preserving sensible restrictions designed to slow the spread of COVID-19, but nonetheless provide a legal avenue for the purchase and sale of firearms, thus avoiding an impermissible intrusion upon a fundamental constitutional right.

Justice Donohue and Justice Dougherty join this concurring and dissenting statement.

---

[2] *See* Executive Order of Governor of Illinois, Executive Order in Response to COVID-19 (COVID-19 Executive Order No. 8), at 12(n), available at https://www2.illinois.gov/IISNews/21288-Gov._Pritzker_Stay_at_Home_Order.pdf (defining "Essential Businesses and Operations" to include "firearm and ammunition suppliers and retailers for purposes of safety and security").